T.C. Summary Opinion 2017-36

UNITED STATES TAX COURT

KENT E. KEETER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8403-15S.                    Filed May 30, 2017.

<u>James T. Knight</u>, for petitioner.

<u>Edwin B. Cleverdon</u>, for respondent.

SUMMARY OPINION

PUGH, <u>Judge</u>:  This case was heard pursuant to the provisions of section

7463 of the Internal Revenue Code in effect when the petition was filed.[1]

---

[1] Unless otherwise indicated, all section references are to the Internal
Revenue Code in effect for the year in issue, and all Rule references are to the Tax

(continued...)

Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

On December 29, 2014, respondent determined a deficiency of $1,666 in petitioner's Federal income tax for 2012. The issue for decision is whether petitioner's disability retirement income is taxable.

Background

Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. Petitioner resided in Mississippi at the time his petition was filed.

Petitioner began service with the U.S. Army on January 19, 1984. Upon enlistment he was sent to boot camp. While in training he sustained a head injury that required a two- to three-month hospital stay and led to a seizure disorder. Petitioner was placed on the Temporary Disability Retired List on June 7, 1984, with a disability rating of 40%. Approximately one year later he was reevaluated at a military base and placed on permanent disability. He was permanently retired at his then-current grade on July 9, 1985, with an honorable discharge. About that time, petitioner met with representatives of the Department of Veterans Affairs

[1](...continued)
Court Rules of Practice and Procedure.

(VA) as well. Petitioner understood then that he would qualify for disability benefits from the VA but did not apply.

After his discharge from the U.S. Army petitioner resumed the college education that he had begun before enlistment, graduating with a degree in computer science. He has worked in that field ever since.

In 2012 petitioner received disability retirement income of $5,936 from the U.S. Army that he did not report as income. He has filed petitions for redetermination on two prior occasions challenging respondent's inclusion of his disability retirement income for prior years. The Court entered stipulated decisions in petitioner's favor in both of those cases.[2]

## Discussion

### I. Burden of Proof

The Commissioner's determinations in a notice of deficiency are generally presumed correct, and the taxpayer has the burden of proving that the determinations are in error. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Under section 7491(a), in certain circumstances, the burden of proof may

---

[2] Petitioner questions why respondent continues to challenge the same issue, but we do not read petitioner to be arguing that respondent is estopped from challenging petitioner's tax treatment merely because respondent agreed that the Court enter stipulated decisions for those prior years. It is well settled that each tax year stands on its own. See Pekar v. Commissioner, 113 T.C. 158, 166 (1999).

shift from the taxpayer to the Commissioner. Petitioner has not claimed or shown that he meets the requirements of section 7491(a) to shift the burden of proof to respondent as to any relevant factual issue.

II. Treatment of Military Disability Payments

Pensions and retirement income are included in gross income unless excluded by law. Sec. 61(a)(11); sec. 1.61-11(a), Income Tax Regs. Military retirement pay falls under the definition of retirement income. Wheeler v. Commissioner, 127 T.C. 200, 205 n.11 (2006), aff'd, 521 F.3d 1289 (10th Cir. 2008).

Military retirement payments may be excluded from gross income, however, if they constitute amounts received as a pension, annuity, or similar allowance for personal injuries or sickness resulting from active service in the armed forces. Sec. 104(a)(4). Four further limitations are imposed by section 104(b)(1), only one of which is at issue here. In particular, under section 104(b)(1)(D), if we determine that "on application therefor, * * * [petitioner] would be entitled to receive disability compensation from the Veterans' Administration", petitioner is entitled to exclude the military disability retirement income he received in 2012.

While the military and the VA apply the same rating standard--the Veterans Affairs Schedule for Rating Disabilities (VASRD), which is set forth at 38 C.F.R.

pt. 4 (2012)--each approaches the question of disability ratings from a different perspective.  See Stine v. United States, 92 Fed. Cl. 776, 795 (2010) (whereas the military "uses the VASRD to determine what compensation the service member is due for the interruption of his military career, * * * the * * * [VA] is more holistically examining the individual's ability to engage in civilian employment").  The parties dispute whether petitioner would have qualified under the VA's application of the VASRD.

Petitioner directs us to his testimony that he understood after meeting with a VA representative at the time of his honorable discharge that he would qualify for benefits.  Respondent would have us examine the VA standard and apply it to petitioner with the hindsight of knowing that petitioner had a career in computers after he was honorably discharged.  We will decline respondent's invitation to put ourselves in the shoes of the VA today and instead base our holding on the information petitioner had at the time which was that he would qualify for VA

benefits.[3]  We therefore hold that petitioner's military disability retirement income of $5,936 is excludible from his gross income.

Finally, in his posttrial brief petitioner asked for an award of reasonable litigation costs under section 7430.  Rules 230 to 233 set out procedures for making a claim for reasonable litigation costs under section 7430.  Under those rules, petitioner's claim is premature.

To reflect the foregoing,

Decision will be entered for

petitioner.

---

[3] In another T.C. Summary Opinion, we declined to accept testimony from a taxpayer that he was "certain" that he was entitled to VA benefits, in the absence of objective evidence regarding his physical condition.  Sana v. Commissioner, T.C. Summary Opinion 2015-72.  Aside from the fact that a Summary Opinion is not precedent, sec. 7463(b), we find the facts of Sana distinguishable.  Here petitioner did meet with VA representatives and credibly testified as to his understanding that he would qualify.  We find that testimony sufficient to establish that the VA would have awarded him disability compensation at the time of his discharge.  While the parties did not produce evidence of the specific ratings for seizure disorders, we believe that should not bar petitioner from excluding any of his disability pay from gross income.